IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| ANTHONY WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 5:10-0962 |
| ) | |
| DAVID BERKEBILE, Warden, ) | |
| FCI Beckley, ) | |
| ) | |
| Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On July 28, 2010, Petitioner, acting *pro se* and incarcerated at FCI Beckley, Beaver, West Virginia, filed an Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241 which included a Petition Pursuant to 28 U.S.C. § 2241 for Writ of Habeas Corpus. (Document No. 1.) Petitioner indicates in his Application that he was convicted on February 25, 2007, in the United States District Court for the District of Minnesota of possessing a firearm having been convicted of a felony and was sentenced to 150 months in prison.[1] Petitioner does not state grounds for relief in his Application, but asserts in his accompanying Petition that his trial attorney "was ineffective for failure to contest application of the armed career offender enhancement." Petitioner states that he "was sentenced under the armed career offender act because of three previous state convictions for three minor drug offenses." Petitioner asserts that his prior three drug offenses did not constitute "serious drug offenses" as defined at 18 U.S.C. § 924(e)(2)(A)(i)("an

---

[1] The Docket Sheet in *United States v. Williams*, Criminal No. 0:07-cr-00211-MJD-JSM-1, in the United States District Court for the District of Minnesota, indicates that the Indictment charging Petitioner with possessing a firearm having been convicted of a felony was filed on June 19, 2007. It further indicates that Petitioner pled guilty in November, 2007, and was sentenced in February, 2008.

offense under the Controlled Substances Act . . . for which a maximum term of imprisonment of ten years or more is prescribed by law[.]"). He states that "counsel's failure to familiarize himself with the statute certainly falls below a reasonable standard, and it prejudiced the Defendant in that [had] the proper objection been made there is reasonable probability that the result of the proceeding would have been different. For the reason stated, counsel should be held ineffective, and the Defendant should be resentenced without the Armed Career Criminal enhancement."

On August 13, 2010, Petitioner filed a document styled for filing in the District of Minnesota seeking relief under Federal Rule of Civil Procedure 60(b)(4) and the Speedy Trial Act. (Document No. 5.) Petitioner included a copy of the Indictment in the 2007 Minnesota proceeding and the BOP's sentence computation data forms.[2]

On September 3, 2010, Petition filed a Motion to Voluntarily Dismiss 28 U.S.C. §§ 2241 and 60(b)(4) Motion Without Prejudice citing Federal Rule of Civil Procedure 41. (Document No. 6.) Petitioner states that he "requests that the court allow him to withdraw both petitions by way of voluntary dismissal 'without prejudice' . . . because both petitions are flawed with errors of constitutional and jurisdictional magnitude and if [it] should go uncorrected, will cause this honorable court to dismiss then upon their initial screening."

---

[2] On February 11, 2011, Petitioner filed a *habeas corpus* petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Minnesota. *Williams v. United States*, Civil Action No. 0:11-cv-00363-DSD-JSM. Petitioner challenged his conviction and sentence and claimed that his attorney was ineffective. The Minnesota District Court dismissed the matter on March 9, 2011, because (1) as a Section 2241 case, it was properly considered in the District where Petitioner was incarcerated, the Southern District of West Virginia, (2) a challenge to a conviction and sentence may not be considered under Section 2241 but rather is appropriately considered under 28 U.S.C. § 2255 and (3) consideration of Petitioner's claims under Section 2255 was barred by application of that Section's one-year statute of limitations.

## ANALYSIS

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Respondent has neither filed an Answer to Petitioner's Section 2241 Application nor otherwise pled. Accordingly, the undersigned respectfully recommends that Petitioner's Motion

requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i) without prejudice. See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Petitioner's Motion to Voluntarily Dismiss 28 U.S.C. §§ 2241 and 60(b)(4) Motion Without Prejudice (Document No. 6.), **DISMISS** Petitioner's Section 2241 Application (Document No. 1.) without prejudice and remove this matter from the Court's docket.

Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985);

Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner, who is acting *pro se*.

Date: July 1, 2011.

R. Clarke VanDervort
United States Magistrate Judge